**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | No. 10-10468 |
| Plaintiff - Appellee, | D.C. No. 2:06-cr-00109-PMP-LRL-1 |
| v. | |
| **JOEL K. PARKER**, | **MEMORANDUM**[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted August 9, 2011[**]
San Francisco, California

Before:  **KOZINSKI**, Chief Judge, **O'SCANNLAIN** and **BEA**, Circuit Judges.

  **1.**  The district court properly admitted evidence of Parker's prior bad act to show "absence of mistake or accident,"  Fed. R. Evid. 404(b), especially when

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

accompanied with repeated limiting instructions. The similar, recent incident was relevant in showing that Parker's behavior was no reckless accident.

   **2.** The district court committed no error in refusing Parker's proposed jury instructions on his theory of the case. Because 18 U.S.C. § 111(a)(1) includes interference with a federal officer as grounds for conviction, Parker's overall intent to flee was irrelevant, so long as the jury found that he intentionally used force, a requirement the district court emphasized in its jury instructions. Parker's proposed instruction that a car used only for flight can't be a deadly or dangerous weapon is simply wrong. United States v. Anchrum, 590 F.3d 795, 801 (9th Cir. 2009) ("[A] car, truck, automobile, or vehicle can constitute a dangerous or deadly weapon under 18 U.S.C. § 111(b) . . . ."). The court correctly explained that a "vehicle is a deadly or dangerous weapon if it is used in a way that is capable of causing death or serious bodily injury." Denial of a proposed instruction is erroneous only if the instructions given do not adequately address the defendant's theory, United States v. Thomas, 612 F.3d 1107, 1122 (9th Cir. 2010), and here they did. Parker was allowed to argue that he intended only to flee and therefore didn't intend to use force.

**3.** The district court didn't abuse its discretion by refusing to instruct the jury on a lesser included offense. The jury couldn't have found Parker guilty of count one unless it found him guilty of using a deadly or dangerous weapon. Because Parker remained in his vehicle during his entire confrontation with Quisenberry, any force Parker used during that encounter had to involve use of a deadly or dangerous weapon.

**4.** The district court didn't commit clear error in finding on sentencing that "the defendant acted with the intent of using the automobile not only to get away, and . . . . not merely to frighten the officer[,] but to strike him with the car." Therefore the court properly sentenced Parker under United States Sentencing Guidelines § 2A2.2.

**5.** The court also didn't err in treating the acts underlying his state court conviction as prior criminal history under United States Sentencing Guidelines § 4A1.2. Parker didn't steal the vehicle "during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." United States Sentencing Guidelines § 1B1.3(a)(1).

**AFFIRMED.**